FREDERICK L. RANDALL

*v.*

GEORGE R. GRAY et al.

[Decided May 15th, 1912.]

1. That the beneficiaries of an estate have instituted litigation against him, and have made unfair and unjust charges, does not entitle an administrator to commissions, where he has acted for several years under an agreement that commissions should not be allowed; the agreement being revocable only upon notice.

2. Even if two beneficiaries of an estate agreed to aid the administrator in managing the estate in consideration of his promise to charge no commissions, and failed to render assistance, the administrator cannot recover commissions without showing that he asked for the assistance and was refused, and that notice thereof was given to the parties interested.

On bill for account. In re matter of commission.

*Mr. Clarence Sackett,* for the complainant.

*Mr. Aloysius MacMahon,* for the defendant Hopping.

EMERY, V. C.

On further consideration of the evidence bearing upon the matter of the allowance of commissions to Mr. Hopping as substituted administrator of Mr. Gray, I reach the conclusion that commissions should not be allowed. The evidence establishes that Mr. Hopping was appointed in Mr. Gray's place as the re-

sult of a conference of the members of the testator's family in-
terested, at which it was understood that by this appointment the
estate would be relieved from the expense of commissions.  The
appointment of Mr. Hopping was consented to and accepted on
this understanding, and the accountant is bound by it until re-
voked upon notice.  Such notice was not given, nor such revoca-
tion attempted until after the commencement of proceedings for
accounting, and the right to charge commissions is now placed
by Mr. Hopping himself mainly upon the ground that the com-
plainants have instituted the litigation and have made unfair and
unjust charges against him.  Such action might justify refusal
to act longer without compensation, but would not give the right
to ignore the understanding which had been acted on for years in
the management of the estate.

At the time of the appointment it seems to have been expected
and perhaps agreed that Mr. Yearance, a son-in-law, and Fred-
erick Randall, a son of the testator, would aid the administrator
in the management of the estate.

The present claim of the administrator, that the aid and assist-
ance to be given by these persons were in the nature of condi-
tions made on the appointment, and that by reason of their fail-
ure to assist him, he has the right to charge commissions, is not
satisfactorily shown on the evidence.  And if this were proved,
such conditions could not be made effective to give the right to
the commissions unless the administrator makes further proof—
*first,* that the administrator, who had as against them the legal
right to the management, asked for their assistance and was re-
fused, and *second,* that the parties interested, and who had ac-
quiesced in the appointment, relying on the understanding that
no commissions were to be charged, were notified that the condi-
tions were not complied with and that the administrator would
thereafter ask for commissions.  Mr. Yearance lived for six years
after the appointment and gave some aid in the management, as
did also Frederick Randall.  In the absence of any intimation
that the original understanding as to commissions was no longer
considered binding, the parties interested in the estate were en-
titled to hold the administrator to its observance.

Commissions, therefore, cannot be allowed, but the administrator cannot be obliged against his will to continue to act without compensation, and may apply for his discharge on settlement of his account.